NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUELA ANTONIA MATEO-JOAQUIN; et al.,

Petitioners,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 22-902

Agency Nos.
A206-454-108
A206-454-110
A206-454-111
A206-454-112
A206-454-113

MEMORANDUM[*]

Appeal from the Board of Immigration Appeals

Submitted August 7, 2026[**]
Seattle, Washington

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and LIBURDI, District Judge.[***]

Petitioners Manuela Mateo-Joaquin and her four children seek review of a

decision of the Board of Immigration Appeals affirming the Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the Board's factual findings for substantial evidence, *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020), which we must uphold "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). We review legal questions de novo. *Chavez-Garcia v. Sessions*, 871 F.3d 991, 995 (9th Cir. 2017).

1. Substantial evidence supports the Board's determination that Mateo-Joaquin failed to establish past persecution on account of her purported membership in the proposed social group of "Guatemalan women unable to leave a domestic relationship." Both the Immigration Judge and the Board considered whether Mateo-Joaquin was a member of the particular social group of "Guatemalan women unable to leave a domestic relationship" at the time the past persecution occurred. In finding that Mateo-Joaquin was not a member of such a group, the Immigration Judge noted Mateo-Joaquin's testimony "that she *could have* left [her boyfriend]." The Immigration Judge observed, "the record seems to indicate that she was able to leave the relationship." *Id.* The Board specifically listed "the Immigration Judge['s] observ[ation] that [Mateo-Joaquin] testified that she could have left her former partner" as a basis for its finding. The Immigration Judge and Board's consideration

2                                                                                      22-902

of Mateo-Joaquin's testimony, framed in past-tense, indicates that they both assessed Mateo-Joaquin's ability to leave her relationship while it existed and the alleged abuse occurred.

Because Mateo-Joaquin's testimony indicates that she could have lived alone at the time, we cannot conclude that "any reasonable adjudicator would be compelled to conclude" that she was unable to leave her relationship. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). The Board therefore did not err in its finding that Mateo-Joaquin was not a member of the group "Guatemalan women unable to leave a domestic relationship."

2. The Board did not err in declining to consider whether Mateo-Joaquin experienced past persecution because of her membership in the proposed social group "Guatemalan women."

"[A]n applicant for asylum or withholding of removal must clearly indicate on the record before the Immigration Judge . . . the exact delineation of any particular social group(s) to which she claims to belong." *Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 191 (BIA 2018) (quoting *Matter of A-T-*, 25 I&N Dec. 4, 10 (BIA 2009)); *see also Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010) (treating the cognizability of a social group based on gender alone as a distinct question from the cognizability of a group based on gender and additional characteristics). Mateo-Joaquin concedes that her former counsel "failed to argue

[before the Immigration Judge] that [she] was a member of the recognized social group 'Guatemalan women.'" The Board "generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge." *W-Y-C-*, 27 I. & N. Dec. at 189.

Because Mateo-Joaquin had counsel, the Immigration Judge and Board were not duty-bound to develop the record by delineating any potentially cognizable social groups. Mateo-Joaquin concedes that "the Ninth Circuit thus far has only found that the duty to develop the record applies to pro se asylum applicants." *See Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) ("*[I]f the alien is proceeding pro se*, the IJ has an obligation to fully develop the record." (emphasis added)); *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) ("As a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." (citation modified)); *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (holding that the Board is "an appellate body whose function is to review, not to create, a record, and it would be inappropriate to force it to consider new issues on appeal by judicial fiat" (citation modified)). No intervening precedent or concept of due process entitles Mateo-

Joaquin to raise new groups now that were not raised previously before the Immigration Judge.

**PETITION FOR REVIEW DENIED.**